UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY A. BRAKE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:08CV1879 JCH |
| | ) |
| RESER'S FINE FOODS, INC., et al., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter arises on Plaintiff's Motion For Remand (Doc. No. 18). The parties have briefed this issue and it is ready for disposition. For the reasons stated herein, the Court denies Plaintiff's Motion to Remand.

**I.  BACKGROUND.**

Plaintiff filed his original Petition in the Missouri Circuit Court, Twenty-Second Judicial Circuit (City of St. Louis) on or around October 23, 2008 (Doc. No. 1-2). In the original Petition, Plaintiff named the following defendants: Reser's Fine Foods, Inc. ("Reser's"), Southern Cal Transport, Inc., Mire H. Said ("Said"), Timothy D. Williams ("Williams"), Nationwide Property and Casualty Insurance Co., John Doe Driver, John Doe Cab Company, John Doe Cab Company Owner Number One, John Doe Cab Company Owner Number Two, John Doe Insurance Company One, John Doe Insurance Company Two. (Id.) Defendants Reser's and Williams filed a Joint Notice of Removal on December 5, 2008, based upon the diversity of citizenship of the parties, 28 U.S.C. §1332(a). (Joint Notice of Removal, Doc. No. 1, ¶ 2). On January 5, 2009, Plaintiff filed his Motion to Remand the Case to State Court. (Doc. No. 18). In his Motion to Remand, Plaintiff argues that this Court lacks jurisdiction because he named at least one Missouri defendant, which requires remand pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1447(c). On January 8, 2009, Plaintiff filed a

Motion to Substitute Parties and named John Doe Cab Company Owner as Jemal Abdella ("Abdella"). (Doc. No. 23). Plaintiff has alleged that both Said and Abdella are residents of the State of Missouri, but no return of service as been provided for Said and Abdella. Plaintiff filed an Amended Complaint on January 12, 2009, naming Abdella as a defendant. (Doc. No. 26).

Defendants claim that the forum defendant rule, under 28 U.S.C. §1441(b), is inapplicable because no Missouri defendants were served prior to removal. Defendants argue that naming an unserved Defendant, Said, who is a resident of the forum state, does not preclude removal when complete diversity exists, as it does in this case.

## II. DISCUSSION.

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n.13 (8th Cir. 1978)). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. Bates v. Mo. & N. Ark. R.R. Co., 548 F.3d 634, 638 (8th Cir. 2008); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997) (citing In re Business Men's Assurance Co., 992 F.2d at 183).

28 U.S.C. § 1441(b) makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff. Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir.1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State); Westhoff v. Rebashares Dev. Co., No. 4:07CV86, 2007 U.S. Dist. LEXIS 34088, at *5 (E.D. Mo. May 9, 2007). Under 28 U.S.C. § 1441(b), the so-called "forum defendant rule," a defendant can remove a case based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90, 126 S.Ct. 606, 613, 163 L. Ed. 2d 415, 425 (2005); Horton v.

Conklin, 431 F.3d 602, 604 (8th Cir. 2005) (quoting 28 U.S.C. § 1441(b)); Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981) (28 U.S.C. § 1441(b) "further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought"). Federal courts lack diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. Hinkle v. Norfolk Southern Ry., No. 4:05-CV-1867, 2006 U.S. Dist. LEXIS 64039, at *4-5 (E.D. Mo. Aug. 29, 2006) (citations omitted). "[T]he violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chemical Co., 963 F.2d 1142, 1146 (8th Cir. 1992)).

In this case, the parties do not dispute that defendant Said is a citizen of Missouri. See Defendant Reser's, Southern Cal Transport Company and Williams' Response to Plaintiff's Motion For Remand ("Defendants' Response"), Doc. No. 24, p. 1) ("Plaintiff alleges defendant Mire H. Said is a resident of Missouri"). The parties, likewise, do not dispute that neither Said nor Abdella were served at the time of removal, December 5, 2008.[1] (Plaintiff's Reply Memorandum in Support of Motion for Remand ("Reply"), Doc. No. 31, p. 3). The primary bases of Defendants' opposition to remanding this action are (1) complete diversity exists between plaintiff and all defendants, served and unserved, and (2) the plain language of 28 U.S.C. §1441(b) does not require the court to consider unserved defendants.

---

[1] In removal cases, the court reviews the complaint pending at the time of removal. Affordable Cmtys. of Mo. v. EF&A Capital Corp., No. 4:08-CV-1509, 2008 U.S. Dist. LEXIS 99716, at *2 (E.D. Mo. Nov. 19, 2008) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). In his original petition, Plaintiff alleged, "Defendant Mire H. Said is now and was at all times herein mentioned a resident of the State of Missouri." (Doc. 1-2, ¶ 4). The Second Amended Petition likewise alleges that Defendant Said is a resident of the State of Missouri (Doc. 26, ¶ 4) and also alleges that "Defendant Jemal Abdella is now and was at all times herein mentioned a resident of the State of Missouri." (Doc. 26, ¶ 9).

Plaintiff relies primarily on Pecherski v. General Motors Corp., 636 F.2d 1156 (8th Cir. 1981) to support his Motion for Remand. At issue in Pecherski was whether the court should consider the residency of the unserved, Jane Doe defendant, which would have destroyed the complete diversity of the parties and deprived the court of subject matter jurisdiction. The Pecherski court held that it must consider the residence of unserved defendants when determining diversity jurisdiction. Id. at 1160 ("the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"); see also Pullman Co. v. Jenkins, 305 U.S. 534, 541, 59 S. Ct. 347, 83 L. Ed. 334 (1939). With respect to diversity jurisdiction, the Pecherski court held that "section 1441(b) did not change the removal requirement set forth in Pullman that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service." Pecherski, 636 F.2d at 1160-1161; Johnson v. Tyson Fresh Meats, Inc., No. C-06-1002-LRR, 2006 U.S. Dist. LEXIS 21461, at *9 (N.D. Iowa Apr. 17, 2006) ("courts must consider all parties to the case for purposes of determining whether diversity jurisdiction exists, even if not all of the parties have not been served with process").

Despite the dicta referenced by Plaintiff (Memorandum in Support of Motion for Remand, Doc. No. 19, pp. 3-4),[2] Pecherski does not support Plaintiff's Motion for Remand because the Pecherski court based its decision on whether there was complete diversity of the parties, not service. Johnson v. Precision Airmotive, LLC, No. 4:07cv1695, 2007 U.S. Dist. LEXIS 89264, at *16 (E.D. Mo. Dec. 4, 2007)(quoting Pecherski, 636 F.2d at 1161) ("the actual holding in Pecherski stated that

---

[2]Pecherski, 636 F.2d at 1160 ("Despite the 'joined and served' provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." (citations omitted)).

removal was improper, not because of service, but because the removing defendant 'failed to establish diversity of citizenship between [the plaintiff] and the Jane Doe defendant'").

At issue in this case is whether, under the "forum defendant rule," the Court should remand this case because Plaintiff had named but not served two Missouri residents. This Court must determine whether naming, but not serving, a resident of the forum state precludes removal pursuant to 28 U.S.C. §1441(b). Defendants argue in their Motion to Remand that the plain language of section 1441(b) precludes removal because the Missouri resident defendants have not been served. This is a different issue than the Pecherski court addressed. Pecherski dealt with whether the court must consider the residence of an unserved defendant where such residence would destroy diversity under 28 U.S.C. §1441(a). The parties agree that there would be complete diversity among the parties even if the court considered the residences of Said and Abdella. Here, removal is proper based upon the diversity of citizenship among the parties, unless the forum defendant rule of 28 U.S.C. §1441(b) requires remand.

The plain language of section 1441(b) precludes remand of this action. 28 U.S.C. §1441(b) ("Any other such action shall be removable only if none of the parties in interest properly **joined and served** as defendants is a citizen of the State in which such action is brought.") (emphasis added). The Missouri residents, Said and Abdella, were not served at the time of removal. Thus, the limitation on removal in section 1441(b) does not apply. As held by the "majority" of federal courts, this Court must apply the statute as written and determine that Defendants properly removed this action and section 1441(b) does not provide a basis for remand. Johnson, 2007 U.S. Dist. LEXIS 89264, at *19 (citing cases); see also Vitatoe v. Mylan Pharms., Inc., No. 1:08cv85, 2008 U.S. Dist. LEXIS 63458, at *18-19 (N.D. W. Va. Aug. 13, 2008) (denying the motion to remand because plaintiff's "construction of § 1441(b) would require this Court to ignore the 'and served' language

of the statute"); Waldon v. Novartis Pharms. Corp., No. No. C07-01988, 2007 U.S. Dist. LEXIS 45809, at *8 (N.D. Cal. June 14, 2007) (finding "no compelling reason to depart from the plain text of section 1441(b)"); Massey v. Cassens & Sons, Inc., No. 05-CV-598, 2006 U.S. Dist. LEXIS 9675, at *7-11 (S.D. Ill. Feb. 16, 2006) (noting that federal courts have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal); but see Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 646-647 (D.N.J. 2008) (granting plaintiffs' motion to remand and applying the forum defendant rule where "[t]he result of blindly applying the plain 'properly joined and served' language of section 1441(b) is to eviscerate the purpose of the forum defendant rule").

**III.   CONCLUSION**.

For the foregoing reasons and because there is complete diversity of citizenship between Plaintiff and the Defendants, the Court denies Plaintiff's Motion for Remand.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand (Doc. No. 18) is DENIED.

Dated this 28th day of January, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE