UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY A. BRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1879 JCH |
| ) | |
| RESER'S FINE FOODS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendant Muna Cap ASMT, Inc.'s Motion to Dismiss ("Motion") (Doc. No. 56). This matter has been fully briefed and is ready for disposition.

## **BACKGROUND**

Plaintiff filed his original petition in the St. Louis City Circuit Court on October 23, 2008. (Doc. No. 1-2). Defendants removed this action to this Court on December 5, 2008. (Doc. No. 1). Plaintiff's claim arises from a motor vehicle collision which occurred on November 5, 2003. In the original petition, Plaintiff identified several unknown defendants. Specifically, Plaintiff pled:

> Defendants John Doe Cab Company, John Doe Cab Company Owner One, and John Doe Cab Company Owner Two are entities or individuals whose identities are unknown to plaintiff at this time, through no fault of his own, and who owned the vehicle being operated by defendant Said and/or were his principal [sic] at the time of the collision which is the subject of this lawsuit. Plaintiff will substitute the name of the appropriate entities or individuals for John Doe Cab Company, John Doe Cab Company Owner One and John Doe Cab Company Owner Two as soon as such identities becomes [sic] known.

(Doc. No. 1-2, ¶ 8).

On May 21, 2009, Plaintiff filed a motion for leave to substitute Muna Cab Co., L.L.C. a/k/a Muna Cab Company a/k/a Muna Cap Co. for John Doe Cab Company. (Doc. No. 40). On May 22, 2009, this Court granted Plaintiff's motion for leave to substitute. In Plaintiff's Third Amended

Complaint, filed on May 27, 2009, Plaintiff named Muna Cab Co., LLC as a defendant. (Doc. No. 41). Plaintiff later substituted as a party defendant Muna Cap, ASMT Inc. in place of Muna Cab Company, LLC (Doc. No. 51), and named Muna Cap, ASMT Inc. as a defendant in the Fourth Amended Complaint. (Doc. No. 52).

On June 23, 2009, Defendant Muna Cap ASMT, Inc. ("Muna") filed a Motion to Dismiss because Plaintiff failed to file this cause of action against Muna within the five year statute of limitations for personal injury actions. (Doc. No. 56).

## DISCUSSION

Plaintiff's original petition, filed on October 23, 2008, named John Doe Cab Company as a defendant. The accident at issue occurred on December 5, 2003. Plaintiff's petition was timely filed because Missouri has a five year statute of limitations for personal injury actions. See Mo.Rev.Stat §516.120(4).[1] Muna argues that Plaintiff's personal injury action against it was not timely filed because Muna was named as a defendant after the expiration of the statute of limitations. Plaintiff asserts that he timely alleged his claim against John Doe Cab Company and preserved his rights against Muna.

"Under Rule 55.33(c), if a claim asserted in the amended pleading arose from the same 'occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.'" Peyton v. Bellefontaine Gardens Nursing & Rehab, Inc., 246 S.W.3d 914, 915 (Mo. 2008). "The statute of limitations is written in terms of when an action can

---

[1]516.120. What actions within five years. -- Within five years:

* * *

(4) . . . for any other injury to the person or rights of another not arising on contract and not herein otherwise enumerated.

be commenced." Bailey v. Innovative Management & Inv., 890 S.W.2d 648, 650 (Mo. 1994); Mo.R.Civ.P. 53.01 ("[a] civil action is commenced by filing a petition with the court"); see also Fed.R.Civ.P. 3.[2]

In Maddux v. Gardner, 192 S.W.2d 14 (Mo. Ct. App. 1945),[3] plaintiff brought an action for wrongful death arising out of injuries that occurred when a train ran over the deceased. Id. at 16. The deceased's wife timely filed a lawsuit against several defendants including "John Doe," "the engineer on the train in question." Id. at 17. In the petition, the plaintiff alleged that she intended to sue the engineer of the train, which she designated as "John Doe" because she did not know his name at the time of the filing of the petition. Id. at 18. After the statute of limitations period had run, the plaintiff amended the complaint by interlineation and substituted B.A. Marble for "John Doe." Id. at 17. The Maddux court held that "[w]hile no service of summons was had upon Marble, within the statutory time, ... the service of summons did not constitute the commencement of the suit as against Marble. Suit was begun when the petition was filed against John Doe, ... who was alleged to have been the engineer, and the amendment related back to the time of the filing of the petition." Id. at 18. The court held that plaintiff's claim against Marble was not barred by the statute of limitations because the amending of the petition to substitute Marble for "John Doe" did not create a new matter or claim but instead related back to the commencement of the lawsuit. "The [Maddux] court held the action commenced against 'John Doe,' the engineer, because the allegations of the time and place of the occurrence and the description of the train adequately informed the defendants at the

---

[2]Both parties agree that Missouri substantive law applies to this action. (Motion, p. 2; Plaintiff's Memorandum in Opposition to Defendant Muna Cap ASMT, Inc.'s Motion to Dismiss ("Response"), Doc. No. 61, p. 2). Under federal law, the relation back doctrine is governed by Fed.R.Civ.P. 15(c). Foulk v. Charrier, 262 F.3d 687, 696 (8th Cir. 2001).

[3]Both parties cite to Maddux to support their claims. (Response, p. 3; Reply in Support of Defendant's Motion to Dismiss ("Reply"), p. 2).

outset who was the real person conditionally designated by the fictitious name." Smith v. Lewis, 669 S.W.2d 558, 561-62 (Mo. Ct. App. 1983); see also Schultz v. Romanace, 906 S.W.2d 393, 395 (Mo. Ct. App. 1995) ("In Maddux the original petition described the conduct of the train engineer that was alleged to have caused the claimant's injury. There was no question but that the person serving as the engineer on the train at the time of the accident was the individual sued.").

Muna asserts that the present action is more similar to Schultz v. Romanace, 906 S.W.2d 393 (Mo. Ct. App. 1995). (Reply, p. 2). The Schultz plaintiff filed a petition, alleging that he sustained personal injuries as a result of acts of negligence committed by certain providers of health care services. Id. at 394. The original petition named Jane Doe I, Jane Doe II, Jane Doe III, John Doe I, John Doe II and John Doe III as defendants, in addition to several other named defendants. Id.[4] After the statute of limitations period had run, the plaintiff filed a First Amended Petition naming two new defendants, Carnagey and Romanace, in addition to Jane Doe I, Jane Doe II, Jane Doe III, John Doe I, John Doe II and John Doe III. Id. Carnagey and Romanace asserted that plaintiff's claims against them were barred because the limitations period had run and moved to dismiss or for judgment on the pleadings. Id.

The Schultz court granted Carnagey's and Romanace's motions and held that the original petition did not sufficiently describe conduct from which Carnagey or Romanace could be identified as persons whose treatment produced the plaintiff's injuries. Id. at 395. "The reference in the original petition to acts of fictitious persons was nothing more than a statement that appellant desired to add

---

[4]The allegations against these defendants were as follows: "John Does, I, II, III, and Jane Does I, II, III, are persons whose identities are presently unknown but who were responsible for rendering skilled care, treatment, and supervision for Brian Schultz at Missouri Rehabilitation Center in Mount Vernon, Missouri. The true identities of said persons will be substituted at such time as they become known to Plaintiff. Plaintiff requests the order of the Court posting a copy of this petition in one or more places conspicuous to employees and staff of Missouri Rehabilitation Center at Mount Vernon." Id. at 394.

additional named parties as defendants if he acquired sufficient information to permit him to do so. The pleading did not state facts that would have notified Dr. Romanace or Mr. Carnagey that they were persons against whom claims were made concerning their treatment of appellant." Id. The Schultz court also held that Mo.R.Civ.P. 55.03(c) was not applicable because it was not a misnomer case but instead involved plaintiff attempting to add a party more than two years afer the injury occurred. Id.[5]

Plaintiff's Petition in this case included almost all of the descriptors that were included in the Maddux petition and omitted from Schultz. The petition alleged claims against John Doe Cab Company as those "who owned the vehicle being operated by defendant Said and/or were his principal [sic] at the time of the collision which is the subject of this lawsuit." The petition makes clear that Plaintiff intended to sue whomever owned the cab operated by Said on November 5, 2003. Schultz, 906 S.W.2d at 395. The petition identified the driver of the cab, the date and location of the accident. (Doc. No. 1-2, ¶16). Although this is a close issue, this Court finds that this description provided sufficient notice to Muna that it was an entity against whom claims were made concerning Plaintiff's injuries. Schultz, 906 S.W.2d at 395.[6] This Court denies defendant Muna's Motion to Dismiss.

---

[5]See id. at 396 ("When appellant filed his First Amended Petition, he did not substitute Dr. Romanace's or Mr. Carnagey's name for John Doe I, John Doe II or John Doe III. He added Dr. Romanace's and Mr. Carnagey's names without deleting any fictitious name that was included in the original petition.").

[6]Contrary to Muna's assertions (Motion, p. 2), this Court also has personal jurisdiction over Muna because has been sued as a proper party within the statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Muna Cap ASMT, Inc.'s Motion to Dismiss (Doc. No. 56) is **DENIED**.

Dated this 30th day of July, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE